UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JASON G. PALMER, *et al.*,

                          Plaintiffs,

    -against-                                   5:19-CV-424 (LEK/TWD)

RUSHMORE LOAN SERVICES,

                          Defendant.

## DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiffs Jason G. Palmer and Gilbert H. Palmer filed this pro se action on April 9, 2019. Dkt. No. 1 ("Complaint"). That same day, Plaintiffs moved by Order to Show Cause for a Temporary Restraining Order seeking to prevent defendant Rushmore Loan Services ("Rushmore") from selling Plaintiffs' house at the scheduled April 12, 2019 foreclosure sale. Dkt. Nos. 4 ("Gilbert Palmer Affidavit"), 4-1 ("Jason Palmer Affidavit"), 4-5 ("Jason Palmer Memorandum"), 4-6 ("Gilbert Palmer Memorandum"). For the reasons that follow, the Complaint is dismissed for lack of subject matter jurisdiction.

**II.    BACKGROUND**

Plaintiffs allege that New York state courts repeatedly erred in adjudicating foreclosure proceedings on Plaintiffs' house and in doing so violated plaintiffs' Fourteenth Amendment due process rights. Compl. at 5. Plaintiffs primarily argue that the state foreclosure proceedings should have been dismissed. Id. After the New York Supreme Court granted summary judgment to Capital One, N.A. ("Capital One"), Rushmore's predecessor, that state court allegedly failed to enforce a "New York State Law requir[ing] that if a Judgment of Foreclosure and Sale is not

1

filed within 60 days [of the Summary Judgment Order], the foreclosure complaint is dismissed without notice." G. Palmer Aff. at 1; see also J. Palmer Aff. at 3; Compl. at 5. After Capital One did not file the Judgement of Foreclosure and Sale within seventy-one days of the Summary Judgment Order, Plaintiffs filed a motion to dismiss and quiet title, on which the court has "failed to act". Compl. at 5; G. Palmer Aff. at 1–2; J. Palmer Aff. at 3. Plaintiffs also claim that Jason Palmer, who was a tenant at the time of some of the state court proceedings, "was denied the right to appear as a pro-se litigant, was not allowed to ask questions at a hearing, [and] was not allowed to submit an answer and his answer and appearance was stricken from the record." Compl. at 5.

### III. DISCUSSION

Pro se filings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013). But this Court also has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

The Rooker-Feldman doctrine precludes federal subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 281 (2005). Four requirements must be met for Rooker-Feldman to apply:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must 'complain[ ] of injuries caused by [a] state-court judgment[.]' Third, the plaintiff must 'invit[e] district court review and rejection of [that] judgment[ ].' Fourth, the state-court judgment must have been 'rendered before the district court proceedings commenced'

Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (quoting Exxon Mobil, 544 U.S. at 281.

Here, all four requirements are met. The first and fourth requirements are satisfied because the New York Supreme Court issued a judgment of foreclosure and sale in 2017, well before this proceeding commenced, in Capital One, N.A. v. Gilbert Palmer *et al.*, No. 5957/2013 (N.Y. Sup. Ct. Nov. 17, 2017).[1] The second and third requirements are met because the injury Plaintiffs seek to prevent—the pending foreclosure sale—is caused by the adverse state court judgment. By requesting an injunction to stop the sale, Plaintiffs are effectively asking this Court to overturn the judgment. See Mareno v. Dime Sav. Bank of N.Y., 421 F. Supp. 2d 722, 726 (S.D.N.Y. 2006) ("[I]t is obvious that what is being mounted here is an attack on the underlying state court judgment. The papers filed by the [plaintiffs] in support of their motion assign numerous legal errors to the trial judge . . . and seek to have the judgment set aside on the basis of those errors."); see also Niles v. Wilshire Inv. Grp., LLC, 859 F. Supp. 2d 308, 334 (E.D.N.Y. 2012) ("[C]ourts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker-Feldman doctrine.") (quoting Ashby v. Polinsky, No. 06-CV-6778, 2007 WL 608268, at *1 (E.D.N.Y. Feb. 22, 2007)). Plaintiffs' Fourteenth Amendment claim does not change the fact that this is a challenge to a state court judgment. Hoblock, 422 F.3d at 86 (holding a Fourteenth Amendment claim met the second and third requirements of Rooker-Feldman because "[j]ust presenting in federal court a legal theory not raised in state court, however, cannot insulate a federal plaintiff's suit from Rooker–Feldman if the federal suit

---

[1] This Court takes judicial notice of this New York Supreme Court decision pursuant to Fed. R. Evid. 201(b). See, e.g., Scherer v. Equitable Life Assurance Soc'y of U.S., 347 F.3d 394, 402 (2d Cir. 2003) (taking judicial notice of state court records).

3

nonetheless complains of injury from a state-court judgment and seeks to have that state-court judgment reversed.").

Accordingly, this Court lacks subject matter jurisdiction, cannot consider Plaintiffs' underlying claims, and must dismiss the complaint. Mareno, 421 F. Supp. 2d at 727; Fed. R. Civ. P. 12(h)(3).

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiffs' Complaint (Dkt. 1) is **DISMISSED** for lack of subject matter jurisdiction; and it is further

**ORDERED**, that the Clerk of the Court close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: April 11, 2019
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge